MOORE, Chief Justice
(concurring in the result).
I write specially to distinguish between the postdispute arbitration agreement executed in this case and the predispute arbitration agreements that contracts often contain. A waiver of the right to a trial by jury must be made knowingly, willingly, and voluntarily. See Allstar Homes, Inc. v. Waters, 711 So.2d 924, 929 (Ala.1997). Predispute arbitration agreements are problematic in a number of ways, one of which is the fact that such contracts are signed well before any dispute arises between the parties. These predispute agreements are often vague and give little notice to the signing parties of the kinds of conflicts that will subject them to arbitration proceedings and the specific rights they are surrendering. Because predis-pute agreements are entered into before the grounds on which the waiver of rights is based can be known, there is no real “meeting of the minds,” as contract law *677 requires between two parties who commit to a binding agreement.
Agreements entered into after a controversy arises avoid this problem because when they enter such agreements, the parties are aware of the kind of complaint they are allowing to proceed to arbitration in place of a jury trial. Sir William Blackstone, in his Commentaries on the Laws of England, presupposes in his exposition on arbitration that the parties would agree to submit their disputes to arbitration only after the disputes had arisen:
“Arbitration is where the parties, injuring and injured, submit all matters in dispute, concerning any personal chattels or personal wrong, to the judgment of two or more arbitrators, who are to decide the controversy.... [Tjhereby the question is as fully determined, and the right transferred or settled, as it could have been by the agreement of the parties or the judgment of a court of justice.”
3 William Blackstone, Commentaries on the Latos of England *16. Blackstone assumed that before the injuring and injured parties could agree to submit a grievance to arbitration, the controversy must have already arisen.
The parties to this case knowingly, willingly, and voluntarily waived their rights to a trial before a jury of their peers. Each side agreed to submit their disputes to binding arbitration, after a question had arisen as to whether one of the parties was in breach of contract. When they signed the agreement to arbitrate, the parties were represented by counsel, they were aware of the nature of the dispute that had already arisen, and they realized precisely the rights they were waiving. Therefore, I concur in the result reached today — to reverse the order of the trial court denying arbitration and to treat the petition for the writ of mandamus as moot.